UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                             PLAINTIFF

v.                                                         CRIMINAL ACTION NO. 3:07CR-98-S

JAMES TANNER                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, James Tanner, to suppress evidence seized from a search of his residence conducted pursuant to a search warrant. On April 20, 2005, the execution of a search warrant resulted in the seizure of a computer, 31 CD-R disks, 1 DVD disk, and 1 3.5" floppy diskette. Tanner was indicted in August, 2007 for transporting, shipping, receiving, and possessing child pornography.

The affidavit for the April, 2005 search warrant related that information had been provided to the Kentucky State Police on January 11, 2005, by the National Center for Missing & Exploited Children that someone using the Yahoo! screen name luv2lickyng had posted two hundred forty-seven images to http://photos.yahoo.com/luv2lickyng which appeared to contain evidence of child sexual exploitation. The affiant, Detective Bruce Olin of the Kentucky State Police, then investigated the information he had been provided. He subpoenaed account information from Yahoo! which revealed that the screen name was registered to a James Turner of Louisville, Kentucky. Another subpoena to Yahoo! revealed that two other screen names, upnrdy2 and upnrdy3, were also registered to a James Turner of Louisville. In the Yahoo! profile for upnrdy2, the National Center had found an image purporting to be James Turner. Detective Olin obtained a digitalized driver's license photo issued to James Tanner of 325 Huntington Park Dr., Louisville, Kentucky, and compared it to the Yahoo! profile photo and noted that the photos appeared to be of

the same person. The birth date on the driver's license of James Tanner indicated that he was 54 years old. In the profile information, upnrdy2/upnrdy3 described himself as Jim from Louisville, Kentucky, divorced, 54 years old, and retired. He stated his hobbies as "cyber with yng girls. pic trading." The entry under latest news stated : "yahoo deleted me but im back old id was upnrdy2. looking for yng girl in kyana area to chat with and maby more." Based upon this information, as recited in the affidavit in support of the application, Detective Olin obtained a search warrant for Tanner's residence on April 20, 2005. The warrant was executed on the same day.

Tanner seeks suppression of all evidence seized from his residence pursuant to the warrant on the ground that the initial evidence from the National Center was provided three months before the warrant was obtained. He urges that the probable cause basis for suspecting criminal activity was rendered stale by the passage time. He contends that no further activity at 325 Huntington Park Drive was indicated in the affidavit for the intervening period. Thus he contends that the search warrant was insufficient to support a finding of probable cause.

The United States Court of Appeals for the Sixth Circuit has delineated four factors which are relevant to a determination whether information provided to law enforcement has become stale: (1) the character of the crime; (2) the circumstances of the alleged criminal; (3) the thing to be seized; and (4) the place to be searched. *United States v. Abboud*, 438 F.3d 554, 572-73 (6th Cir. 2006), *citing, United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998). The inquiry is tailored to the specific circumstances in each case. *Abboud*, 438 F.3d at 572, *quoting, Sgro v. United States*, 287 U.S. 206, 210-11, 53 S.Ct. 138, 77 L.Ed. 260 (1932)).

With respect to the character of the crime, the uploading of alleged child pornography was reported to the Kentucky State Police in January, 2005. The sheer volume of material - 247 images - militates against any suggestion that this might have been an inadvertent or accidental one time accessing of child pornography. Further, Detective Olin's discovery of renewed screen names and profiles seeking "pic trading" and "cyber with yng girls" renewed after apparently having earlier

been removed from the Yahoo! network suggests an attempt to maintain or reestablish a presence on the internet.  While there is no date associated with Olin's discovery of this information, it was necessarily at a time after he obtained the information in January and had begun his own investigation.  The nature of the crime, therefore, does not suggest that the January, 2005 evidence was stale.

Detective Olin obtained a search warrant for Tanner's place of residence after discerning Tanner's identity, address, and suspected connection to the online activity.  A significant number of courts have found that purveyors and traffickers in child pornography often maintain their collections of pornographic materials for long periods of time, and engage in online activities in "places of privacy and seclusion" such as a home.  This particular form of criminal activity has been found repeatedly to fall outside of the usual parameters for staleness of evidence.  Courts have found that there is an "enduring quality" of these materials to child pornography collectors and that they often hoard and retain these illicit materials.  *See, United States v. Ricardi*, 405 F.3d 852 (10th Cir. 2005); *United States v. Wagers*, 452 F.3d 534 (6th Cir. 2006); *United States v. Irving*, 452 F.3d 110 (2d Cir. 2006); *United States v. Newsom,* 402 F.3d 780 (7th Cir. 2005); *United States v. Shields*, 458 F.3d 269 (3d Cir. 2006).  As explained in *United States v. Lamb*, 945 F.Supp. 441, 460 (N.D.N.Y. 1996), *citing, United States v. Harvey*, 2 F.3d 1318, 1322-23 (3d Cir. 1993); *United States v. Koelling*, 992 F.2d 817, 823 (8th Cir. 1993); *United States v. Rabe*, 848 F.2d 994, 997 (9th Cir. 1988):

> The observation that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes is supported by common sense and the cases.  Since the materials are illegal to distribute and possess, initial collection is difficult.  Having succeeded in obtaining images, collectors are unlikely to destroy them.  Because of their illegality and the imprimatur of severe social stigma such images carry, collectors will want to secret them in secure places, like a private residence.  This proposition is not novel in either state or federal court: pedophiles, preferential child molesters, and child pornography collectors maintain their materials for significant periods of time.

The court concludes based upon the foregoing authority that the passage of three months from the date upon which the initial information was provided to Detective Olin is not so long as to have rendered the evidence stale upon application for the search warrant in April, 2005.

Motion having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, James Tanner, to suppress evidence (DN 23) is **DENIED.**

**IT IS SO ORDERED.**